Filed 5/10/16  P. v. Luna CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RICARDO VICENTE LUNA,<br><br>    Defendant and Appellant. | A145952<br><br>(Napa County<br>Super. Ct. No. CR173469, CR174025) |

Ricardo Vicente Luna appeals from a judgment of conviction and sentence imposed after he entered no contest pleas to multiple charges.  His attorney has filed a brief seeking our independent review of the record, pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (see *Anders v. California* (1967) 386 U.S. 738), in order to determine whether there is any arguable issue on appeal.  We find no arguable issue and affirm.

## I.  FACTS AND PROCEDURAL HISTORY

In superior court case number CR173469, an information charged appellant with making a criminal threat (Pen. Code, § 422); driving under the influence (Veh. Code, § 23152, subd. (a)); driving while having a blood alcohol level of 0.08 percent or higher (Veh. Code, § 23152, subd. (b)); child abuse (§ 273a, subd. (a)); disturbing the peace for the benefit of a criminal street gang (§§ 415; 186.22, subd. (d)); active participation in a criminal street gang (§ 186.22, subd. (a)); and driving a motor vehicle when driving

1

privileges had been suspended for prior convictions (Veh. Code, § 14601.2, subd. (a)).[1] The information further alleged multiple criminal street gang enhancements (§ 186.22, subds. (b)(1)(B) & (b)(1)(A)) and a prior prison term enhancement (§ 667.5, subd. (b)). In addition, it alleged that appellant had suffered prior convictions that subjected him to sentencing under Vehicle Code sections 23550 and 23550.5.

In superior court case number CR174025, an information charged appellant with driving under the influence (Veh. Code, § 23152, subd. (a)); driving while having a blood alcohol level of 0.08 percent or higher (Veh. Code, § 23152, subd. (b)); and driving a motor vehicle when driving privileges had been suspended for prior convictions (Veh. Code, § 14601.2, subd. (a)). The information further alleged that appellant refused to take a chemical test to determine his blood alcohol level (Veh. Code, § 23578) and he was on bail on his own recognizance in case number CR173469 at the time of the commission of the offenses (§ 12022.1). In addition, it alleged that appellant had suffered prior convictions that subjected him to sentencing under Vehicle Code sections 23550 and 23550.5.

While represented by counsel, appellant signed a written plea agreement by which he reached a negotiated disposition in both cases. As to case number CR173469, he agreed to enter no contest pleas to a felony charge of making a criminal threat (§ 422), felony driving while having a blood alcohol level of 0.08 percent or higher (Veh. Code, § 23152, subd. (b)), and misdemeanor driving a motor vehicle when driving privileges had been suspended for prior convictions (Veh. Code, § 14601.2, subd. (a)). He also admitted a one-year prior prison term enhancement (§ 667.5, subd. (b)).

As to case number CR174025, appellant agreed to enter no contest pleas to one felony count of driving while having a blood alcohol level of 0.08 percent or higher (Veh. Code, § 23152, subd. (b)) and one misdemeanor count of driving a motor vehicle when driving privileges had been suspended for prior convictions (Veh. Code, § 14601.2, subd. (a)). He also admitted that he refused to take a chemical test to determine his blood

---

[1] Except where otherwise indicated, all statutory references are to the Penal Code.

2

alcohol level (Veh. Code, § 23578) and admitted the two-year on bail or own recognizance enhancement (§ 12022.1).

Appellant expressed his understanding that he faced a maximum state prison sentence of six years and the court would consider a grant of probation. In each case, he also admitted the special allegation warranting sentencing under Vehicle Code section 23550.5, and a maximum penalty of three years for each violation of Vehicle Code section 23152, subdivision (b).

Before accepting appellant's plea, the court confirmed that appellant understood his maximum sentencing exposure as well as his statutory and constitutional trial rights which, as specified in the written plea agreement, he agreed to waive by resolving his case through a plea bargain. Defense counsel stipulated to a factual basis for the plea based on the contents of the police reports. On the motion of the prosecutor, the court dismissed the remaining charges and allegations in the two informations.

At the sentencing hearing, after statements by the prosecutor, defense counsel, and appellant, the court considered but denied probation, citing appellant's history of convictions for driving under the influence, his prior performance on probation, and the seriousness of the criminal threats conviction, including the fact that appellant committed the offense in the presence of his son. The court further found there were no unusual circumstances that would overcome the statutory presumption against granting probation due to appellant's prior felony convictions (§ 1203, subd. (e)(4)).

The court imposed an aggregate state prison sentence of four years and four months, consisting of three years, eight months in CR173469 (the mid-term of two years for the criminal threats conviction; plus one-third the middle term (eight months) for felony driving under the influence; plus one year for the prior prison term enhancement (§ 667.5(b)) and eight months in CR174025 (one-third the middle term for felony driving under the influence), imposed consecutively on the ground that the crimes involved separate felonious acts. The court struck the two-year bail/own recognizance enhancement (§ 12022.1).

In each case, the court imposed $300 restitution fines (§ 1202.4, subd. (b)), $300 suspended parole revocation restitution fines (§ 1202.45), and $4,234 in fines and assessments in connection with the driving under the influence offenses. The court also imposed a $40 court security fee (§ 1465.8) and a $30 criminal conviction assessment (Gov. Code, § 70373). The court waived other fees and converted fees for driving with a suspended license to concurrent county jail time.

The court awarded appellant two days of presentence credits (§ 2900.5), comprised of one day of actual custody credit in each case.

Appellant filed a notice of appeal from the sentence and other matters occurring after the plea.

## II.  DISCUSSION

Appellate counsel represents in the opening brief that counsel wrote to appellant at his last known address and advised him of the filing of a *Wende* brief and his opportunity to personally file a supplemental brief with the court within 30 days.

We have not received a supplemental brief from appellant.

We find no arguable issues on appeal.

There are no legal issues that require further briefing.

## III.  DISPOSITION

The judgment is affirmed.

_____

NEEDHAM, J.

We concur.

_____

JONES, P.J.

_____

BRUINIERS, J.